**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50365 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-01307-GPC-1 |
| v. | |
| FRANCISCO VILLA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted August 5, 2020**

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Francisco Villa appeals from the district court's judgment and challenges the

90-month sentence and one condition of supervised release imposed following his

guilty-plea conviction for importation of cocaine, heroin, and methamphetamine,

in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Villa first contends that his sentence is substantively unreasonable because the district court did not grant him a downward departure and did not sufficiently account for his mitigating circumstances. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and totality of circumstances, including Villa's criminal history and the nature and circumstances of the offense. *See Gall*, 552 U.S. at 51; *see also United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006) (review of denial of a departure is subsumed in review of the substantive reasonableness of the ultimate sentence).

Villa also contends that the supervised release condition that prohibits him from entering or residing in Mexico infringes on a particularly significant liberty interest because his estranged wife is seeking custody of their children, and she lives in Mexico. Thus, he argues, the district court was required to explain more fully why it was imposing the condition. *See United States v. Wolf Child*, 699 F.3d 1082, 1092 (9th Cir. 2012) (describing enhanced procedural requirements that apply when a district court imposes a supervised release condition that infringes on the significant liberty interest in familial association). Because the record suggests that Villa's children are currently living with his mother, who resides in the United

States, we decline at this time to require the district court to reconsider the condition under *Wolf Child*. This decision is without prejudice, however, to Villa moving in the district court for a modification of this condition under 18 U.S.C. § 3583(e)(2) upon his release if his children are living in Mexico at that time.

**AFFIRMED.**